UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
L.J. COPPOLA, INC.,

                          Plaintiff,

          - against -

GREAT AMERICAN INSURANCE COMPANY,

                         Defendant.
------------------------------------------------------------x

05 Civ. 2315 (CLB)

*Memorandum and Order*

Brieant, J.

      By motion filed on April 20, 2005 (Doc. #8), heard on May 20, 2005, Defendant Great American Insurance Company moves under Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff's Complaint. Opposition papers to this motion were filed on May 2, 2005.

      The following facts are assumed to be true for purposes of this motion only. In March, 2001 R.J. Dooley, a non-party, contracted with Westchester Country Club ("WCC") to provide heating, air conditioning, and hot and cold water piping renovations. Dooley, as principal, and the Defendant as surety, issued a labor and material payment bond. In May, 2001, Dooley sub-contracted with Plaintiff to provide plumbing and mechanical work, which Plaintiff claims was completed. Plaintiff claims that it is owed $233,704.80, and claims an entitlement to recover under the payment bond.

      In considering a motion to dismiss for lack of subject matter jurisdiction, which cannot be waived and may be raised at any time by a party or *sua sponte* by the Court, the appropriate analysis depends upon the nature of the challenge made to the Complaint. If the challenge is that

the Complaint is legally insufficient, the Court must accept the facts alleged in the Complaint as true and draw reasonable inferences in the Plaintiff's favor. If the challenge is solely to the jurisdictional facts pled in the Complaint, no such deference is required, nor does the Court need to confine its inquiry to the pleadings. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2nd Cir. 2001). When jurisdictional facts are challenged, the Court may not simply assume the truth of the pleadings. The Court may decide disputed jurisdictional issues of fact by reference to evidence outside the pleadings, such as affidavits. *See LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2nd Cir. 1999).

This is the second lawsuit involving these parties. The first was filed on January 28, 2003. *See L.J. Coppola, Inc. v. Great American Insurance Comp.*, 03 Civ. 643 (CLB). The Court takes judicial notice of prior judicial proceedings. In the first lawsuit, Plaintiff sued for relief under the same payment bond and claimed that it was owed $431,349.33. On May 29, 2003, a partial assignment and partial release was entered into by the parties. Under the terms of this agreement, the parties agreed that Plaintiff was owed $215,996.40. They agreed also that $171,473.00 claimed by Plaintiff was disputed. The partial release discharged Defendant's liability from all claims except those relating to the disputed $171,473.00 amount. The release states as follows:

> The undersigned [Plaintiff] acknowledges that by virtue of said assignment, the balance of the claim against R.J. Dooley & Associates, Inc., which it retains in its own right, is the sum of $171,473.00, plus all interest, costs and attorneys fees which it may be entitled to in this matter, and that the surety [Defendant] agrees to pay within ten (10) days any award that may be rendered in an arbitration by and between L.J. Coppola, Inc. and R.J. Dooley & Associates, Inc. . .

Plaintiff and R.J. Dooley mediated their dispute over the remaining unresolved amount. They entered into a stipulation of settlement on December 16, 2003, under which Dooley agreed to pay $130,000 in full satisfaction and settlement of all claims which had or could have been brought against Dooley concerning its work at WCC. Plaintiff claims that this amount has not yet been paid.

The settlement agreement provides that "the parties to this Agreement agree to submit to arbitration. . .all disputes or differences arising between or among them, of any nature whatsoever, which affect, involves or is related to this agreement, with first attempting one (1) day of mediation." A settlement stipulation is to be construed as a contract, according to ordinary principles of contracts entered into between private parties. *See Rainbow v. Swisher,* 72 N.Y.2d 106, 109 (1988). Stipulations are favored by the Court, and are not to be set aside lightly. *See Hallock v. State,* 64 N.Y.2d 224, 230 (1984). A stipulation is not a decision of the Court, and stipulations are required to be interpreted objectively, rather than according to the subjective intention of one of the parties. *See Teitelbaum Holdings, Ltd. v. Gold,* 48 N.Y.2d 51, 56 (1979) (In construing a settlement stipulation, a Court is not to use other evidence to derive what was in an attorney's mind, and may not resolve disputes arising from sources other than the words of the document.). *See also Nishman v. DiMarco,* 76 A.D.2d 360, 368 (2d Dep't 1980) ("Parties by their stipulations may in many ways make the law for any legal proceeding as to which they are parties, which not only binds them, but which the courts are bound to enforce. . .All such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced.").

Defendant argues that no arbitration award was made or entered, and therefore the terms of the partial release requiring it to pay amounts owed by Dooley never came to pass. This assertion is not necessarily accurate, because an arbitration award may be rendered in the future, the terms of which would require Defendant to pay Plaintiff under the partial release. Under the terms of the mediation's settlement agreement, Plaintiff and Dooley were to submit their future disputes to one day of mediation, and then to arbitration if required. Plaintiff acknowledges the validity of the settlement agreement, because it has amended its demand to the $130,000 received in the settlement agreement. It cannot object at this time to the agreement's other terms.

At this time, Plaintiff has not complied with the settlement agreement's procedural requirements. This issue is not jurisdictional but goes to the merits of Plaintiff's claim for relief. *Bell v. Hood,* 327 U.S. 678 (1946). The motion is denied. The parties are both directed to arbitrate forthwith in accordance with their agreement. All further proceedings in this case are stayed pending arbitration and the further order of this Court.

Counsel shall attend before this Court for a status conference on September 16, 2005 at 9:15 a..m., unless the action is resolved earlier.

SO ORDERED.

Dated: White Plains, New York
      May 25, 2005

SO ORDERED.

Dated: White Plains, New York
       May 25, 2005

                                        _____
                                        Charles L. Brieant, U.S.D.J.